**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ETHAN N. LARMAN,** | § | |
| **Reg. No. 76540-280,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **EP-15-CV-100-KC** |
| | § | **EP-11-CR-1007-KC** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Movant Ethan N. Larman's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (ECF No. 127).[1] In his motion, Larman, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, with a projected release date of December 26, 2024, challenges his convictions and sentences for the receipt, possession, and attempted distribution of child pornography. Larman alleges his trial and appellate counsel provided constitutionally ineffective assistance. Upon reviewing the record and for the reasons discussed below, the Court concludes that Larman's motion is time barred and that he is not entitled to equitable tolling. Accordingly, the Court will deny his motion and dismiss his civil cause with prejudice. Additionally, the Court will deny him a certificate of appealability.

**BACKGROUND AND PROCEDURAL HISTORY**

On October 23, 2010, law enforcement monitoring software identified an internet protocol ("IP") address made available for sharing child sexual abuse images over a peer-to-peer network. A Homeland Security Investigations ("HSI") special agent assigned to the Cyber Crimes Group subsequently verified thirteen child abuse images were shared during the October

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-11-CR-1007-KC.

23 incident. Time-Warner Cable records showed that the IP address belonged to Larman, a soldier in the United States Army living in El Paso, Texas. Based on this information, the HSI special agent obtained a search warrant for Larman's apartment, which he shared with a roommate. During a search of the apartment, Larman admitted to an Army Criminal Investigation Division ("CID") special agent that beginning in June of 2010 he had downloaded child pornography approximately fifty times through the Limewire peer-to-peer program. The search yielded five pieces of electronic equipment belonging to Larman which the agents suspected contained child pornography. A forensic examiner searched the equipment using complex forensic software and discovered child pornography files with hash values matching those associated with the October 23 sharing incident. Further examination revealed additional child pornography on the equipment.

A grand jury sitting in the Western District of Texas, El Paso Division, returned a four-count, superseding indictment charging Larman with one count of receiving child pornography, one count of attempting to distribute child pornography, and two counts of possessing child pornography. After hearing the evidence and arguments of counsel, a jury found Larman guilty on all four counts. The Court sentenced him to an aggregate term of 188-months' imprisonment on August 8, 2012.[2] The Fifth Circuit Court of Appeals affirmed the convictions and sentences on November 13, 2013.[3] The Supreme Court denied Larman's petition for a writ of certiorari on March 24, 2014.[4]

---

[2] J., ECF No. 97, Aug. 8, 2012.

[3] *United States v. Larman*, 547 F. App'x 475 (5th Cir. 2013).

[4] *Larman v. United States*, 134 S.Ct. 1564 (2014).

On March 23, 2015, Larman signed and presumably mailed through the prison mail system a motion requesting an additional ninety days to file a § 2255 motion.[5] The Court denied the motion, explaining " 'a district court may grant an extension of time to file a motion pursuant to [§] 2255 only if (1) the moving party requests the extension upon or after filing an actual [§] 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.' "[6] Because Larman failed to " 'articulate any grounds for relief,' he [did] 'not met the first requirement of filing an actual § 2255 motion.' "[7] Moreover, because Larman did not show rare and exceptional circumstances, he did not meet the second requirement of warranting equitable tolling.[8] The Court added, however, that Larman could still submit a § 2255 motion, but advised him that he need to address the timeliness issue:

> Although the Court will deny Larman's motion for an extension, Larman may still file a § 2255 motion. The Court warns Larman, however, that should he submit a § 2255 motion, it may raise the issue of its timeliness on its own, and it may dismiss his motion prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). Larman should, therefore, thoroughly address the timeliness issue in his § 2255 motion. *Day v. McDonough*, 547 U.S. 198, 210 (2006).[9]

---

[5] Mot. for Extension, ECF No. 119, Apr. 6, 2015. A *pro se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[6] Order Denying Mot. for Extension 4, ECF No. 120, Apr. 10, 2015 (quoting *Green v. United States,* 260 F.3d 78, 82 (2nd Cir. 2001)).

[7] *Id.* at 5 (quoting *United States v. Villegas*, No. H-03-238, 2009 WL 29687 at *1 (S.D. Tex. Jan. 5, 2009)).

[8] *Id.*

[9] *Id.* at 5–6.

In a § 2255 motion dated May 6, 2015, Larman asserts his trial and appellate counsel provided constitutionally ineffective assistance. Specifically, Larman alleges his trial counsel was ineffective when he (1) failed to make an offer of proof concerning Larman's statement to the CID special agent, (2) inflamed the jurors by continuously making objections to the photographs as they were offered into evidence, (3) did not dispute the sadism/masochism sentencing enhancement, (4) advised Larman not to allocute before his sentencing, (5) failed to argue against various sentencing errors made by the Court, and (6) did not dispute the prejudicial conditions of supervised release placed upon Larman. Larman asserts his appellate counsel provided ineffective assistance when he did not argue the Court improperly enhanced his sentence without proof that the victim was vulnerable.

Larman contends the Court should equitably toll the limitations because the Bureau of Prisons ("BOP") impeded his ability to file his § 2255 motion. He explains his counsel mailed records and documents related to his case on a CD approximately "two months shy of the one year anniversary of the denial of [the] writ" of certiorari on March 24, 2014.[10] He claims the prison mail room did not inform him of the CD's arrival for approximately one month. He adds prison officials then had to review the CD before they would allow him to access it on the prison's "one and only legal computer."[11] He says he "was able to obtain his CD for the first time on Monday, April 20, 2015. Within forty eight hours he was able to long on, review his documents, and be assured that he was not making a frivolous claim."[12] Larman argues "[t]he

---

[10] Mot. Vacate 2, ECF No. 127, May 15, 2015.

[11] *Id.* at 3.

[12] *Id.*

fact that the BOP has provided every possible roadblock should be considered an exceptional circumstance and warrant equitable tolling of the limitations period."[13]

**APPLICABLE LAW**

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[14] According to § 2255(f), a federal prisoner must file his motion within one year from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[15]

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[16] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[17]

---

[13] *Id.*

[14] 28 U.S.C. § 2255(f) (2012).

[15] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[16] *Cf. Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[17] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

It "is permitted only 'in rare and exceptional circumstances.'"[18] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[19] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[20] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[21] Finally, a movant has the burden of proving that he is entitled to equitable tolling.[22] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[23]

**ANALYSIS**

The limitations period begins to run, in accordance with § 2255(f)(1), when the judgment of conviction becomes final.[24] A judgment of conviction becomes final when the applicable period for seeking direct review expires.[25] Here, Larman's conviction became final on March 24,

---

[18] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[19] *Id*. (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[20] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[21] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[22] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[23] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[24] *See Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.' ") (quoting 28 U.S.C. § 2255(f)(1)).

[25] *Id.* at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

2014,[26] when the Supreme Court denied his petition for writ of certiorari.[27] Accordingly, his time period for filing a § 2255 motion within one year after his conviction became final expired on March 24, 2015. Larman constructively filed his instant motion on May 6, 2015, the day on which he signed and presumably placed it in the prison mail system.[28] Thus, Larman submitted it forty-four days beyond the deadline.

Larman argues the Court should toll the limitations period under§ 2255(f)(2) because the BOP created an impediment to his filing the motion. To invoke this section, a litigant must establish that (1) he was prevented from filing a section 2255 motion (2) by government action (3) in violation of the Constitution or federal law.[29]

Although the Court sentenced Larman on August 8, 2012,[30] the Fifth Circuit affirmed his convictions and sentences on November 13, 2013,[31] the Supreme Court denied his petition for a writ of certiorari on March 24, 2014,[32] and Larman concedes his attorney did not provide requested documents until "about two months shy of the one year anniversary of the denial of

---

[26] *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

[27] *Larman v. United States*, 134 S.Ct. 1564 (2014).

[28] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[29] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254).

[30] J., ECF No. 97, Aug. 8, 2012.

[31] *United States v. Larman*, 547 F. App'x 475 (5th Cir. 2013).

[32] *Larman v. United States*, 134 S.Ct. 1564 (2014).

[the] writ."[33] Larman blames BOP officials for the delay in filing his § 2255 motion. Notably, Larman does not rely on any documents contained in the CD to support his claims; he merely asserts the documents "assured that he was not making a frivolous claim."[34] Moreover, Larman does not suggest that the BOP-caused delay in reviewing the CD violated the Constitution or statutes of the United States. Additionally, Larman does not explain how the BOP's actions prevented him from filing his § 2255 motion. Thus, Larman has not met his burden of showing that the conditions required to invoke § 2255(f)(2) were satisfied.

Furthermore, because Larman has not relied on a Supreme Court decision as the legal predicate for his motion, the limitations period under§ 2255(f)(3) is not applicable. Finally, because Larman could have discovered, through due diligence, the factual predicates for the claims in his motion well before his conviction became final, the limitations period under § 2255(f)(4) is also not applicable.

The Court accordingly finds that Larman's § 2255 motion is untimely, and must be denied, unless equitable tolling applies.

" 'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." '[35] As discussed above, " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." '[36]

---

[33] Mot. Vacate 2, ECF No. 127, May 15, 2015.

[34] *Id.* at 3.

[35] *United States v. Patterson*, 211 F.3d 927, 930–31 (5th Cir. 2000) (quoted case omitted).

[36] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Larman claims his counsel delayed providing him with his records until "about two months shy of the one year anniversary."[37] An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations.[38] Larman has not alleged his counsel intentionally deceived him. Moreover, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."[39]

Larman also suggests the BOP-caused delay in his review of the CD justifies equitable tolling. Larman does not claim the BOP deceived him or prevented him from filing a § 2255 motion. As noted above, Larman did not rely on any documents contained in the CD to support his claims. Furthermore, "equity is not intended for those who sleep on their rights."[40] Larman wasted a substantial amount of time simply waiting for the documents from his counsel. This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.

The Court therefore finds that Larman has neither presented evidence that he was prevented in some extraordinary way from asserting his rights nor exhibited due diligence in pursuing his claims. The Court further finds that his case lacks rare and exceptional circumstances, and Larman has not met his burden of proving an entitlement to equitable tolling.

---

[37] Mot. Vacate 2.

[38] *United States v. Wynn*, 292 F.3d 226, 230–31 (5th Cir. 2002).

[39] *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)

[40] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir.1999) (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir.1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

The Court accordingly concludes that Larman's motion is untimely, that he is not entitled to equitable tolling, and that it need not address the merits of his claims.

## EVIDENTIARY HEARING

Larman has requested an evidentiary hearing. A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[41] The record is adequate to dispose fully and fairly of Larman's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[42] To warrant a certificate as to claims that a court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[43] The Court finds that there is no reason to believe a reasonable jurists could conclude that Larman's § 2255 motion is not time barred. Thus, the Court concludes that

---

[41] *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam).

[42] 28 U.S.C. § 2253(c)(1)(B) (2012).

[43] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

Larman is not entitled to a certificate of appealability.

**CONCLUSIONS AND ORDERS**

Therefore, for the reasons stated above, the Court concludes it should deny Larman's § 2255 motion and dismiss his civil cause. The Court further concludes that Larman is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Larman's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (ECF No. 127) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Larman is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** THIS 28th day of May 2015.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE